UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEROME L. GRIMES,

    Plaintiff,

v.                                                    Case No:   6:16-cv-1480-Orl-18TBS

EDWARD KELLY,

    Defendant.

## REPORT AND RECOMMENDATION

This case comes before me on referral from the district judge, on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which I interpret as a motion for leave to proceed *in forma pauperis* (Doc. 2). Upon due consideration I respectfully recommend that the motion be **denied** and that this case be **dismissed**.

### I. Background

On August 18, 2016, Plaintiff filed his complaint which contains a litany of incoherent allegations apparently stemming from a traffic stop that he claims are "[c]overt [t]errorism [a]ctivities" meant to infringe his federal constitutional rights (Doc. 1). This action comes after a district judge dismissed a previously filed lawsuit in which Plaintiff again made unintelligible allegations using similar buzz words contained in the instant action (Case No. 6:15-cv-1955, Doc. 4). That case was dismissed without prejudice and the Court advised Plaintiff that if he intended to refile his claim, he "should state the basis for his claim and include a brief, concise statement of the factual basis for the claim" (Id. at 3). In this case, Plaintiff has filed a similarly confusing complaint and the district judge

has referred this case to me for a report and recommendation on Plaintiff's *in forma pauperis* motion.

## II.  Discussion

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief."  Id. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*.  See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  Neitzke v. Williams, 490 U.S. 319, 324 (1989).  Still, the Supreme Court cautions that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  See id. at 327.  A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

I recommend denial of his motion because Plaintiff has failed to state any cause of action upon which relief can be based. FED. R. CIV. P. 8(a). [1]  Also, if, as is the case here,

---

[1] To state a claim, a plaintiff must provide a short and plain statement of the basis of the court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief.  FED. R. CIV. P. 8(a).

a plaintiff is also claiming fraud, he must satisfy the heightened pleading standard in Rule 9(b). FED. R. CIV. P. 9(b).   Rule 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Id.   Generally, Rule 9(b) may be satisfied if the complaint sets forth:

> (1) [P]recisely what statements were made in what documents or oral representations or what omissions were made, and
>
> (2) [T]he time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the same, and
>
> (3) [T]he content of such statements and the manner in which they misled the plaintiff, and
>
> (4) [W]hat the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). Plaintiff's allegations of fraud fail to meet the specificity requirement of Federal Rule of Civil Procedure 9(b).   Plaintiff has also failed to allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10.[2]

Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief.   See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted). Plaintiff's complaint is woefully inadequate

---

[2] Relevant facts should be segregated to each of the respective claims.   See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005).

### III. Recommendation

Plaintiff has now had two opportunities to allege a cause of action (Doc. 1-2; Case No. 6:15-cv-1955, at Doc. 1) and both attempts have failed.   At this stage, I am not persuaded that allowing Plaintiffs additional leave to amend would be fruitful. Accordingly, I respectfully recommend that the district judge **DENY** the pending motion to proceed *in forma pauperis* (Doc. 2) and **DISMISS** his case without further leave to amend.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 19, 2016.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties